**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| RAJESH BHARAT SHAH, | : | Chapter 11 Case No. 24-52446-SMS |
| | : | |
| Debtor. | : | |
| | : | |

**FIRST MODIFICATION BEFORE CONFIRMATION TO SUBCHAPTER V PLAN OF REORGANIZATION OF DEBTOR RAJESH BHARAT SHAH**

Rajesh Bharat Shah, Debtor and Debtor-in-Possession in the above-referenced Bankruptcy Case, in accordance with Federal Rule of Bankruptcy Procedure 3019(a), files this First Modification ("**First Modification**") to his *Subchapter V Plan of Reorganization* (Dkt. 84) (the "**Plan**") to document a proposed consensual confirmation of the Plan as to SouthState Bank. Debtor shows that this First Modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder of Debtor in such a manner to cause a creditor which previously voted in favor of the Plan to change its vote; in fact, it improves the recovery for unsecured creditors without prejudicing secured creditors. Except as expressly provided otherwise in this First Modification, all provisions of the Plan remain as provided in the Plan. Unless otherwise specifically defined in this First Modification, capitalized terms used in this Modification shall have those meanings assigned to them in the Plan.

1.

The Allowed Secured Claim of Bharat Shah ("**Class 4 Secured Claim**") is modified to be **$624,188.24** as of the Petition Date (modified from $645,939.00) and is projected to be an Allowed Amount of **$664,008.50** as of the Effective Date (modified from $683,860.85). Such modification is made to take into account an accounting discrepancy discovered after the filing of the Plan. All other provisions relating to the Class 4 Secured Claim as set forth in the Plan shall remain the same and without modification.

2.

Article IX.C ("'Best Interest of Creditors' Test; Liquidation Analysis") of the Plan is hereby deleted in its entirety and restated as follows:

> Section 1129(a)(7) of the Bankruptcy Code requires that, with respect to each impaired Class of claims or interests, that such Class either accept the Plan or that each holder in such Class "will receive or retain under the plan on account of such claim or interest, property of a value as of the effective date of the plan,

that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date."

Debtor submits that payments proposed under the Plan will result in a dividend that is **not less than what could be expected if Debtor's assets were "liquidated under Chapter 7."**

The Liquidation Analysis attached on **Exhibit A** represents Debtor's projection of the liquidation value of Debtor's assets under Chapter 7, as of the Effective Date. The Total Class 5 Distribution under this Plan is to be equivalent to the expected net liquidation value of the Debtor's assets in a Chapter 7 liquidation. Thus, the Debtor believes that the proposed Plan satisfies the "Best Interest of Creditors" Test under 11 U.S.C. § 1129(a)(7).

3.

The definition of "Total Class 5 Distribution" or "Class 5 Total Distribution" as set forth in Paragraph 1.81 of Schedule 1 of the Plan is hereby deleted in its entirety and replaced with the following:

1.81 "Total Class 5 Distribution" or "Class 5 Total Distribution" means the sum total net liquidation value that is calculated on the Liquidation Analysis attached as Exhibit A to this Plan, an amount that the Reorganized Debtor is authorized to prepay, without penalty, in full satisfaction of his Class 5 Obligations.

4.

The Claim Summary (Schedule 2), Liquidation Analysis (Exhibit A), and Plan Budget (Exhibit B) attached to the Plan are replaced with the Claim Summary, Liquidation Analysis, and Plan Budget attached to this Modification as Exhibit 1.

Respectfully submitted, this 7th day of August, 2024.

*/s/ Rajesh Bharat Shah*
Rajesh Bharat Shah

**STONE & BAXTER, LLP**
By:

*/s/ Thomas B. Norton*
David L. Bury, Jr.
Georgia Bar No. 133066
Thomas B. Norton
Georgia Bar No. 997178
Counsel for Debtor

577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)
dbury@stoneandbaxter.com
tnorton@stoneandbaxter.com

G:\CLIENTS\Shah, Rajesh\Chapter 11\Plan\Modification\First Modification to Plan (8.6.24).docx

# EXHIBIT 1 TO FIRST MODIFICATION

**MODIFIED SCHEDULE 2**
**RAJESH BHARAT SHAH CLAIM SUMMARY**
**(Bankr. N.D. Ga. 24-25446-SMS)**

| Claim No. | Class | Creditor | Secured? | Disputed? | Amt. | Allowed Amt. |
|---|---|---|---|---|---|---|
| 1 | 2 | HSBC Bank*** | Y | N | $717,437.67 | $708,335.67 |
| 6 | 3 | Morgan Stanley Private Bank, N.A. | Y | N | $121,628.31 | $121,628.31 |
| n/a | 4 | Bharat Shah | Y | N | $624,188.24 | $664,008.50 |
| 2 | 5 | Small Business Administration | N | N | $547,609.96 | $547,609.96 |
| 3 | 5 | South State Bank | N | N | $3,772,296.03 | $3,772,296.03 |
| 8 | 5 | American Express | N | N | $11,416.53 | $11,416.53 |
| 9 | 5 | American Express | N | N | $957.44 | $957.44 |
| 10 | 5 | American Express | N | N | $2,164.08 | $2,164.08 |
| n/a | 5 | Bank of America | N | N | $18.95 | $18.95 |
| n/a | 5 | Bay Area Credit Service | N | Y | $1,739.48 | $0.00 |
| n/a | 5 | Emory Saint Joseph's Hospital | N | Y | $1,594.26 | $0.00 |
| n/a | 5 | FAMS, Inc. | N | Y | $1,725.63 | $0.00 |
| n/a | 5 | One Advantage LLC | N | Y | $4,523.77 | $0.00 |
| n/a | 5 | One Advantage LLC | N | Y | $682.80 | $0.00 |
| n/a | 5 | TDC Specialy Underwriters Inc. | N | Y | $50,000.00 | $0.00 |
| n/a | 5 | Wakefield & Associates | N | Y | $4,523.60 | $0.00 |
| 7 | Lease | Hyundai Capital America | N | N | $18,445.86 | $18,445.86 |
| n/a | Priority | Georgia Department of Revenue | N | Y | $0.00 | $0.00 |
| 4 | Priority | Internal Revenue Service | N | Y | $28,366.00 | $28,366.00 |
| 5 | Priority | Fulton County Tax Comissioner | N | Y | $15,673.52 | $15,673.52 |

| | |
|---|---|
| **Total Allowed Secured** | **$1,493,972.48** |
| **Total Allowed Unsecured** | **$4,334,462.99** |
| **Total Allowed Unclassified (Priority)** | **$44,039.52** |
| **Total Allowed Unclassified (Non-priority)** | **$18,445.86** |

**"Allowed" means the Debtor's estimate of the allowed amount, subject to post-confirmation claims objections (if any)
***Showing principal balance from POC, rather than the figure that's netted against escrow balance

**MODIFIED EXHIBIT A**
**RAJESH BHARAT SHAH LIQUIDATION ANALYSIS**
**(Bankr. N.D. Ga. 24-25446-SMS)**

| ASSETS OF RAJESH BHARAT SHAH | FMV | CH. 7 LIQUID. VALUE | CH. 7 COSTS | EXEMPTIONS | SECURED CLAIMS | GROSS DIST. |
|---|---|---|---|---|---|---|
| Cash and Deposits | $17,502.81 | $17,502.81 | $0.00 | ($11,200.00) | $0.00 | $6,302.81 |
| 4751 Mystic Drive | $1,800,000.00 | $1,591,200.00 | ($111,384.00) | ($11,500.00) | ($1,372,344.17) | $95,971.83 |
| Porsche 911 (2016) | $68,400.00 | $47,880.00 | ($4,788.00) | ($5,000.00) | $0.00 | $38,092.00 |
| BMW 535 (2009) | $4,375.00 | $3,062.50 | ($306.25) | $0.00 | $0.00 | $2,756.25 |
| Genesis G80 (2023) - Leased Vehicle | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Household Items | $21,320.00 | $14,924.00 | ($1,492.40) | ($5,500.00) | $0.00 | $7,931.60 |
| Morgan Stanley Investment Account | $294,822.78 | $294,822.78 | $0.00 | $0.00 | ($121,628.31) | $173,194.47 |
| GA-ALF Holdings, LLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Bristol Village Management, LLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Diwan-Conyers, LLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| The Diwan Group | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 33.33% Interest in Shah Family Holdings GP, LLC | $8,300.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1% Interst in Nivika Consulting Services, LLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Morgan Stanley IRA (never funded) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Term Life Policy | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Potential Avoidance Actions (par value of $18,098.11) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Total** | **$2,214,720.59** | **$1,969,392.09** | **($117,970.65)** | **($33,200.00)** | **($1,493,972.48)** | **$324,248.96** |

| Calculation of Unsecured Claims | Amt. |
|---|---|
| Estimated Allowed Unsecured Claims (in liquidation) | $4,352,908.85 |
| Estimated Allowed Unsecured Claims (under plan) | $4,334,462.99 |

| | |
|---|---|
| Ch. 7 Trustee Commission | ($81,335.76) |
| Ch. 7 Trustee Prof. Fees | ($7,500.00) |
| Ch. 11 Admin. Expenses | ($58,163.98) |
| Priority Claims | ($28,366.00) |
| **Net Liquidation Value** | **$148,883.22** |
| **Unsecured Claims** | **See Chart to Left** |
| **% to Unsecureds** | |
| **Under Ch. 7** | **3.42%** |
| **Under Plan** | **3.43%** |
| **$ to Unsecureds** | |
| **Under Ch. 7** | **$148,883.22** |
| **Under Plan** | **$148,883.22** |

**Assumptions**

1. Cash is anticipated as of Sept. 1, 2024 Effective Date (based on the Budget)
2. Liquidation Value is 70% of Fair Market Value **except** for 4751 Mystic Drive, which is ~88%.
3. Ch. 7 Costs for 4751 Mystic Drive is 7% of the Liquidation Value; all other costs are 10% of the Liquidation Value
4. Trustee will abandon assets where secured claim exceeds liquidation value.
5. Ch. 7 Commission is based on the statutory formula.
6. Secured Claim amounts are estimated as of the 9/1/24 effective date (with Morgan Stanley including attorneys' fees and Bharat Shah including post-petition interest under Section 506)
7. Administative Expenses estimated as of the Effective Date

| | |
|---|---|
| Stone & Baxter Fees | $15,000.00 |
| Subchapter V Trustee Fees | $3,000.00 |
| CPA | $3,500.00 |
| MS Capital Gains | $22,481.00 |
| 2024 Income Taxes | $14,182.98 |
| Total Admin. Expenses | $58,163.98 |

8. In a liquidation, the Ch. 7 Priority Claims consist of only the amount owed to the IRS under the assumption that the Debtor would pay outstanding Fulton County taxes
9. Solely for settlement purposes, the Debtor's initial due diligence as to the preference claim the Debtor may have against American Express (including as to potential defenses) shows that the potential recovery would be less than the required litigation expenses, whether hourly or contingent***
10. While the Debtor's interest in Shah Family Holdings GP, LLC has a par value of $8,300.00, it is worthless from a liquidation standpdoind as any transfer of an economic interest in the entity requires the consent of the other remaining members and such interest also requires ongoing personal services of the Debtor that are not assignable to a trustee.

***This statement is solely for settlement purposes and not an admission or waiver by the Debtor in any proceeding brought by the Debtor or its successor against Amex.

**MODIFIED EXHIBIT B**
**RAJESH BHARAT SHAH PLAN BUDGET**
**(Bankr. N.D. Ga. 24-25446-SMS)**

| **Cash and Income** | **Jul-24** | **Aug-24** | **Sep-24** | **Oct-24** | **Nov-24** | **Dec-24** | **2025** | **2026** | **2027** | **2028** | **2029** |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Beg. Cash | $23,957.23 | $20,712.52 | $17,502.81 | $13,486.58 | $14,505.35 | $15,155.98 | $18,349.15 | $17,875.25 | $17,875.25 | $17,875.25 | $17,875.25 |
| John Hardy Group | $21,000.00 | $21,000.00 | $21,000.00 | $21,000.00 | $21,000.00 | $21,000.00 | $258,300.00 | $264,757.50 | $271,376.44 | $278,160.85 | $190,076.58 |
| RAAM | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 | $55,350.00 | $56,733.75 | $58,152.09 | $59,605.90 | $40,730.70 |
| Nivika Consulting | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,500.00 | $1,537.50 | $1,575.94 | $1,615.34 | $1,655.72 | $1,131.41 |
| Income Taxes | ($2,363.83) | ($2,363.83) | ($2,363.83) | ($2,363.83) | ($11,309.83) | ($2,363.83) | ($29,075.11) | ($29,801.99) | ($30,547.04) | ($31,310.71) | ($21,395.65) |
| **Total Net Income** | **$23,136.17** | **$23,136.17** | **$23,136.17** | **$23,136.17** | **$14,190.17** | **$24,636.17** | **$286,112.39** | **$293,265.20** | **$300,596.83** | **$308,111.75** | **$210,543.03** |
| **Household Expenses** | | | | | | | | | | | |
| Health/Dental/Life Insurance | $2,122.08 | $2,122.08 | $2,122.08 | $2,122.08 | $2,122.08 | $2,122.08 | $26,101.58 | $26,754.12 | $27,422.98 | $28,108.55 | $19,207.51 |
| Auto Lease | $683.18 | $683.18 | $683.18 | $683.18 | $683.18 | $683.18 | $8,403.11 | $8,613.19 | $8,828.52 | $9,049.23 | $6,183.64 |
| Auto Insurance | $0.00 | $0.00 | $435.99 | $435.99 | $435.99 | $435.99 | $5,362.68 | $5,496.74 | $5,634.16 | $5,775.02 | $3,946.26 |
| Medical | $585.00 | $550.00 | $585.00 | $550.00 | $585.00 | $550.00 | $6,980.25 | $7,154.76 | $7,333.63 | $7,516.97 | $5,136.59 |
| Pest Control | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $799.50 | $819.49 | $839.97 | $860.97 | $588.33 |
| Water | $105.00 | $105.00 | $105.00 | $105.00 | $105.00 | $105.00 | $1,291.50 | $1,323.79 | $1,356.88 | $1,390.80 | $950.38 |
| Electric | $408.00 | $408.00 | $408.00 | $408.00 | $408.00 | $408.00 | $5,018.40 | $5,143.86 | $5,272.46 | $5,404.27 | $3,692.92 |
| Landscaping | $291.67 | $291.67 | $291.67 | $291.67 | $291.67 | $291.67 | $3,587.54 | $3,677.23 | $3,769.16 | $3,863.39 | $2,639.98 |
| Security | $35.00 | $35.00 | $35.00 | $35.00 | $35.00 | $35.00 | $430.50 | $441.26 | $452.29 | $463.60 | $316.79 |
| Pet Expenses | $437.70 | $437.70 | $437.70 | $437.70 | $437.70 | $437.70 | $5,383.71 | $5,518.30 | $5,656.26 | $5,797.67 | $3,961.74 |
| Gas | $105.00 | $105.00 | $105.00 | $105.00 | $105.00 | $105.00 | $1,291.50 | $1,323.79 | $1,356.88 | $1,390.80 | $950.38 |
| Trash | $40.00 | $40.00 | $40.00 | $40.00 | $40.00 | $40.00 | $492.00 | $504.30 | $516.91 | $529.83 | $362.05 |
| Home Cleaning/Maintenance | $1,120.00 | $1,120.00 | $1,120.00 | $1,120.00 | $1,120.00 | $1,120.00 | $13,776.00 | $14,120.40 | $14,473.41 | $14,835.25 | $10,137.42 |
| Dry Cleaning and Laundry | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $1,230.00 | $1,260.75 | $1,292.27 | $1,324.58 | $905.13 |
| Personal Care Products | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $1,845.00 | $1,891.13 | $1,938.40 | $1,986.86 | $1,357.69 |
| Cable, Phone & Internet | $422.63 | $422.63 | $422.63 | $422.63 | $422.63 | $422.63 | $5,198.35 | $5,328.31 | $5,461.52 | $5,598.05 | $3,825.34 |
| Food and Household Supplies | $1,400.00 | $1,400.00 | $1,400.00 | $1,400.00 | $1,400.00 | $1,400.00 | $17,220.00 | $17,650.50 | $18,091.76 | $18,544.06 | $12,671.77 |
| Professional Expenses | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3,587.50 | $3,677.19 | $3,769.12 | $3,863.35 | $3,959.93 |
| Vehicle Expenses | $80.00 | $80.00 | $80.00 | $80.00 | $80.00 | $80.00 | $984.00 | $1,008.60 | $1,033.82 | $1,059.66 | $724.10 |
| **Total Expenses** | **$8,150.26** | **$8,115.26** | **$8,586.25** | **$8,551.25** | **$8,586.25** | **$8,551.25** | **$108,983.13** | **$111,707.70** | **$114,500.40** | **$117,362.91** | **$81,517.96** |
| **Total Cash Before Ch. 11 Pmts** | **$38,943.14** | **$35,733.43** | **$32,052.73** | **$28,071.50** | **$20,109.27** | **$31,240.90** | **$195,478.42** | **$199,432.75** | **$203,971.69** | **$208,624.10** | **$146,900.32** |
| **Admin. & Priority** | | | | | | | | | | | |
| Stone & Baxter | $7,500.00 | $7,500.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Sub V Trustee | $1,500.00 | $1,500.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| I.R.S. - 2023 Income Taxes | $0.00 | $0.00 | $617.76 | $617.76 | $617.76 | $617.76 | $7,413.12 | $7,413.12 | $7,413.12 | $7,413.12 | $1,853.28 |
| **Total Admin./Priority Claims** | **$9,000.00** | **$9,000.00** | **$617.76** | **$617.76** | **$617.76** | **$617.76** | **$7,413.12** | **$7,413.12** | **$7,413.12** | **$7,413.12** | **$1,853.28** |
| **Cash Avail. for Secured Claims** | **$29,943.14** | **$26,733.43** | **$31,434.97** | **$27,453.74** | **$19,491.51** | **$30,623.14** | **$188,065.30** | **$192,019.63** | **$196,558.57** | **$201,210.98** | **$145,047.04** |
| Mortgage - Class 2 | $9,230.62 | $9,230.62 | $9,230.62 | $9,230.62 | $9,230.62 | $9,230.62 | $110,767.44 | $110,767.44 | $110,767.44 | $110,767.44 | $73,844.96 |
| Bharat Shah - Class 4 | $0.00 | $0.00 | $3,043.37 | $3,043.37 | $3,043.37 | $3,043.37 | $36,520.44 | $36,520.44 | $36,520.44 | $36,520.44 | $24,346.96 |
| Morgan Stanley - Class 3 | $0.00 | $0.00 | $5,674.40 | $674.40 | *** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Total Payments** | **$9,230.62** | **$9,230.62** | **$17,948.39** | **$12,948.39** | **$12,273.99** | **$12,273.99** | **$147,287.88** | **$147,287.88** | **$147,287.88** | **$147,287.88** | **$98,191.92** |
| **Ending Cash (before Class 5 pmt)** | **$20,712.52** | **$17,502.81** | **$13,486.58** | **$14,505.35** | **$15,155.98** | **$18,349.15** | **$40,777.42** | **$44,731.75** | **$49,270.69** | **$53,923.10** | **$46,855.12** |
| **Net Disposable Income** | | | **$0.00** | **$1,018.77** | **$0.00** | **$3,193.17** | **$22,428.27** | **$26,856.50** | **$31,395.44** | **$36,047.85** | **$28,979.87** |
| **Annual Class 5 Distribution Payment** | | | | | | | **$22,902.16** | **$26,118.46** | **$30,638.95** | **$35,272.44** | **$33,951.21** |

**Total Class 5 Distributions** **$148,883.22 over approx. 5 years**

**MODIFIED EXHIBIT B**
**RAJESH BHARAT SHAH**
**PLAN BUDGET ASSUMPTIONS**
**(Bankr. N.D. Ga. 24-25446-SMS)**

Note: If there is a discrepancy between these Assumptions and the Budget, the Budget controls.

**CASH AND INCOME ASSUMPTIONS**

1. **Beginning Cash:** This is the starting cash, which is projected based on the most recent Monthly Operating Report and begins in July 2024. The Plan Effective Date, however, is presumed to be September 1, 2024 (i.e., the first day of the month that follows the month in which confirmation occurs). The Debtor is assuming that the confirmation hearing will be in August 2024.

2. **Income:** The Budget assumes that the Debtor will continue his employment with the John Hardy Group and also projects compensation for the Debtor's management of his parents' estate ("RAAM") with an adjustment for inflation. The Budget does not make assumptions for any potential bonuses or raises that the Debtor may or may not receive, as it is unclear whether the Debtor will qualify for any such changes in income. In so far as the Debtor's projected disposable income over the 36 month period required in the Code is substantially less than the projected liquidation value under the best interests of creditors test, such potential bonuses are irrelevant. That is, the Budget merely establishes how long it will take the Debtor to pay at least the amount shown on the Liquidation Analysis (which the Debtor projects will take 60 months). Further, Debtor has discussed his income from RAAM increasing to $4,500.00 and understands that such increase can take effect immediately. The Budget also assumes the Debtor will receive an annual distribution for his 1% interest in Nivika Consulting, LLC; however, the Debtor is not necessarily guaranteed any such distribution. The distribution from Nivika Consulting, LLC is based on historical annual distributions.

3. **Income Taxes:** The Budget assumes that the Debtor will need to account for his income taxes. The amount used in the budget is based upon the taxes that were owed for his employment in 2023 and are included to provide a more accurate estimate of the Debtor's income under the budget. The Budget also assumes that the Debtor will realize certain capital gain taxes upon liquidation of a portion of his investment account on or before November 2024, consistent with the plan treatment terms for Morgan Stanley under Class 3 of the Plan.

**HOUSEHOLD EXPENSES**

The Household Expenses are based on historical numbers and on presumed necessary expenses going forward with an adjustment for annual inflation consistent with the adjustment made to the

Debtor's income (such that there is a wash between inflationary adjustments for income and expenses). While the Debtor has other monthly expenses that were reported on his Schedule J, in good faith and to avoid potential litigation, the Budget excludes any expense(s) that might not be considered "reasonably necessary" for purposes of calculating disposable income under 11 U.S.C. § 1191(d). However, the fact that the Debtor has excluded from the Budget and expense shown on Schedule J is not an admission that any such expense is not properly included in the disposable income calculation and is not a waiver by the Debtor of his right to establish that any such expenses are properly included in disposable income.

1. **Health/Dental/Life Insurance:** The Debtor is not provided insurance through his employment and the Budget assumes this will continue to be the case. Accordingly, the Budget assumes the Debtor will continue to procure his own insurance and pay it directly.

2. **Auto Lease**: The Debtor's current lease is set to expire in or about May 2026. The Debtor has traditionally, in the ordinary course, maintained a leased vehicle. Accordingly, the Budget assumes that the Debtor will enter into a new lease in 2026 under similar terms to the current vehicle lease that the Debtor is paying.

3. **Auto Insurance**: As a result of payment issues at the beginning of this case, the Debtor will pay approximately $590.00 in June 2024 which will satisfy his current policy obligations until its renewal in September 2024. The Budget assumes that the Debtor will return to his traditional and historical monthly payments in September 2024 when the policy renews at the same rate which the Debtor has historically paid.

4. **Water/Electric/Pet Expenses/Food and Housekeeping Supplies**: Certain of the Debtor's expenses fluctuate from month-to-month depending on usage, whether Debtor is traveling, and other factors. Accordingly, the Budget uses the historical expense information to generate the monthly line items based on the projected annual expenses averaged over a 12-month period. The actual monthly expenses may fluctuate higher and lower than the monthly average assumed by the Budget.

5. **Professional Expenses**: The Budget assumes that the Debtor will need to retain his CPA for future tax return filings during the term of the Plan. The Budget uses the amount charged to the Debtor for his 2023 tax return filing with an adjustment for inflation consistent with other expenses in the Budget. The Budget assumes that this payment will be made in full at the beginning of each calendar year.

**ADMINISTRATIVE EXPENSES, PRIORITY CLAIMS, AND CURE COSTS**

The Budget is drafted with the assumption that confirmation will occur in August 2024. The Budget begins in July 2024 as a starting point for making an accurate projection of the starting

cash on the Effective Date, which is assumed to be September 1, 2024. Except for certain secured claims (which the Debtor has been paying since the Petition Date) and unsecured claims (which are paid annually under Class 5 of the Plan), most Plan-related payments are budgeted to start in September.

1. **IRS**: As of the filing of the Plan, the IRS has not yet amended its Proof of Claim. However, based on the 2023 tax return (which has been filed prior to the filing of this Plan), the Debtor anticipates that he will owe approximately $28,366.00 for his 2023 federal income taxes. The Budget assumes that this amount plus Statutory Interest will be paid on a monthly basis through March 6, 2029 (i.e., within 60 months after the Petition Date). Per the Plan, the payments to the IRS will begin in September 2024, which is the month when payments under Class 3 (Morgan Stanley) will begin.

2. **Sub V Trustee Fees**: The Debtor does not currently have a figure for anticipated Subchapter V Trustee fees but, based on counsel's past experience in Subchapter V cases, the Budget assumes fees of approximately $6,000.00 and assumes the Debtor continues to make $1,000.00 monthly deposits to the Subchapter V Trustee through the Effective Date. The Budget also assumes that the previous $3,000.00 in deposits made to the Subchapter V Trustee prior to the filing of the Plan will be applied to any amounts owing to the Subchapter V Trustee.

3. **Stone & Baxter**: Fees of $15,000 are S&B's projected fees through confirmation.

**SECURED PAYMENTS**

1. **Mortgage**: The Debtor will assume the mortgage debt on the pre-petition terms and make payments accordingly. However, the pre-petition terms of the mortgage contain a variable rate of interest which is adjusted in or around April of each year. Debtor is unable to predict what future interest rates may be, so the Budget uses the current rate of interest.

2. **Bharat Shah**: While Mr. Shah's debt is evidenced by a demand note, the Debtor is modifying that note under the Plan. Specifically, the Debtor has proposed to pay back Bharat Shah over a 30-year period with Plan Interest. The Budget assumes interest-only payments for the first sixty (60) months, as proposed in the Plan, and payments of principal plus interest beginning in the month that is 61 months after the Effective Date. The claim amount assumes post-petition interest under Section 506 at 13.5%, with the post-petition interest accrual running from March 6 to September 1.

3. **Morgan Stanley**: The Debtor is going to make monthly payments against accrued interest on the Morgan Stanley secured claim. The Debtor is also going to (i) pay Morgan Stanley's attorneys' fees of approximately $5,000.00 no later than the Effective Date and (ii) pay the full balance of Morgan Stanley's secured claim no later than November 30, 2024. Payments

under the Plan to Morgan Stanley are set to begin after the Effective Date, which is September 2024. Accordingly, the Budget includes $0.00 payments for July and August. To be sure, the funds that will be used to pay Morgan Stanley, other than the payments explicitly reflected on the Budget, will come from liquidating a portion of the account. Thus, the liquidation payment to Morgan Stanley is not shown on the face of the budget—see the "***" on the Budget to reflect *when* that payment will be made.

**UNSECURED PAYMENTS**

In Class 5, the Debtor is proposing to pay unsecured creditors their pro-rata share of $148,883.22 and he may do so via annual payments over 5 years or less.

To be sure, the Debtor is only required to pay the greater of (i) the liquidation value of the estate ($148,883.22, as shown on the Liquidation Analysis) and (ii) his projected disposable income over 36 months (approximately $74,426.99).

Here, the Debtor must at least pay the liquidation amount of $148,883.22, since it exceeds the 36 month disposable income calculation. Under the terms of the Plan, the Debtor is proposing to pay the full amount of $148,883.22, which is "not less than" the liquidation amount and is greater than the 36-month disposable income calculation. The Debtor is proposing to pay that amount over 60 months or less, with his disposable income calculations during that 60-month period only serving to prove that he can feasibly pay the proposed amount. That is, the Debtor is using as much as 60 months to pay the proposed amount but is not committing to pay unsecured creditors 60 months of this disposable income.

Further, the Debtor can prepay the Total Class 5 Distribution amount at any time without penalty, in full satisfaction of his Class 5 obligations.